## Geiger et al. v. Milford Independent School District

*Dorothy Stroh Tisdale*, for plaintiffs.
*Karl A. Wagner*, for defendant.

SHULL, P. J., June 7, 1944.—This matter is before the court upon a demurrer to the answer filed by the School Board of the Milford Independent School District of Pike County, Pa.; to a writ of alternative mandamus which issued on the petition of Edward N. Geiger, by his parents and next friends, Lawrence J. Geiger and Dorothy P. Geiger, directing the said school board to appear and show cause why a proper hearing before the said board of school directors should not be given to Edward N. Geiger upon the charges which are lodged there against him or to readmit him as a pupil of the said school.

Under this demurrer we must, of course, accept all of the allegations contained in the answer in the light of proven facts; therefore, as this matter is presented to us, there is but one question at issue, and that question is: Was Edward N. Geiger given a proper hearing before he was expelled from the public schools?

The law of this Commonwealth provides, by the Act of May 18, 1911, P. L. 309, sec. 1411:

"Every principal or teacher in charge of a public school . . . may temporarily suspend any pupil on account of . . . misconduct, and . . . shall . . . notify the . . . board of school directors; and the board may, after a proper hearing suspend . . . or may permanently expel him . . ."

As disclosed by the pleadings in this case, the action taken by the school board was to the end that Edward N. Geiger be permanently expelled, which action is, of course, within the powers vested in the school board by the laws of our Commonwealth, but such action may be taken by the school board only as provided by law, i. e., "after a proper hearing".

The pleadings disclose, and it is in no way in controversy between the parties, that:

1. Edward N. Geiger was suspended from school by the supervising principal, Ira C. Markley, February 4, 1944, because of immoral conduct and his parents were notified that they could appear at a hearing to be held before the board February 7, 1944. (Copy of supervising principal's letter is attached to the school board's return to the writ.)

2. At the regular meeting of the board of directors held February 7, 1944 (and mentioned in paragraph 5 of the answer), Edward N. Geiger and his mother, Dorothy P. Geiger, were present.

3. After said meeting had been legally convened, three of the members of the board, to wit, Messrs. Myers, Depuy, and Spotts, together with Edward N. Geiger, Ira C. Markley, supervising principal, and Mr. Shlanta, a teacher, went to an adjoining room and there the charges of immoral conduct, to wit, that Edward N. Geiger had indecently exposed himself in that he disclosed or showed his privates or penis in the various classrooms while attending classes, which was seen by other members of his class, were presented to the said Edward N. Geiger.

4. Information that had been reported to the principal was also told to the board members present and in front of Edward N. Geiger.

5. The members of the board above mentioned, Messrs. Myers, Depuy, Spotts, with the said Edward N. Geiger, Ira C. Markley and Mr. Shlanta, then went back to the regular meeting room and there the entire charges were disclosed in front of the entire board and in front of Edward N. Geiger and his mother, Dorothy P. Geiger.

6. A committee was then appointed by the president, James Myers, composed of Mrs. Margaret Armstrong and Mrs. Dorothy Nearing, to investigate the charges or information.

7. The said committee did investigate the following day, to wit, February 8, 1944.

8. Said committee interviewed the mothers of two of the girls as well as two of the girls, one of whom had seen Edward N. Geiger expose his penis or privates on three occasions in the classroom, the other had seen his clothing or fly open.

9. Said committee then reported back to the board that evening, to wit, February 8, 1944, at a special meeting duly and legally held.

10. At said special meeting, Edward N. Geiger and his mother, Dorothy P. Geiger, were present.

11. At said special meeting, the committee reported their findings in the presence of Edward N. Geiger and his mother, Dorothy P. Geiger.

12. Said findings were as above set forth in paragraph 8.

13. The board then by motion permanently expelled plaintiff, Edward N. Geiger, based upon the evidence and information and upon the hearings held February 7, 1944, and February 8, 1944.

That Edward N. Geiger and his mother, after notice, appeared before the school board and were informed of the charges against Edward N. Geiger and that the school board made an investigation of the matter before expelling Edward N. Geiger, is, of course, true, and this action, so far as it went, was very properly taken and would be the course pursued by an efficient school board in the consideration of a case which might involve the expulsion of a pupil from the public schools; but the act of assembly provides, and wisely so, that an order or a decree of expulsion from the public schools may not be entered against anyone until after a proper hearing. Even the most careful and exhaustive examination and investigation is not a hearing within the letter or the spirit of this

act. We must keep in mind that an expulsion from the public schools of a pupil by a school board is, in its nature, a quasi-criminal proceeding—and in this particular case the charge is one which involves an actual violation of the criminal laws. The punishment imposed by a decree of expulsion against a person of school age is far-reaching in its effect; it denies to that person further education in the public schools of the community in which he lives and it thereby limits his opportunities in life unless by reason of self-application thereafter, or means to attend private institutions of education, he continues his education to equip himself for life; therefore, this power should be exercised in strict conformity with the provisions of the acts of assembly of this Commonwealth dealing with expulsion from the public schools. Our act of assembly, as we have said, provides that a proper hearing shall be given to the accused; and, viewing what was done here with that thought in mind, we find from the facts which stand as admitted on the record in this case that this school board did give very considerable care and attention to this matter, to the end that Geiger and his parents were notified of the time and place of meeting of the school board; that Geiger and his mother appeared at that time and place; that they were informed of the charges against Edward N. Geiger; that, thereafter, further investigation was made by a committee of the school board specially appointed for that purpose, which committee reported back to the board, apparently satisfied as to the truth of the charges; and that the board, upon this report and the reports made by the principal and, perhaps, others, entered this order or decree of expulsion. But in all this, though it may have been and, we take it, probably was convincing to the board of the truth of the charges, there was no stage of the proceeding at which Edward

N. Geiger was given, under any construction of the words "proper hearing", a proper hearing. A proper hearing can only be one held after an accused has had due and reasonable notice of the nature of the offense charged, the names of his accusers, the time and place where he may, if he desires, appear before a tribunal having jurisdiction of the matter in question, and there be given opportunity to face his accusers, to hear their testimony, examine any and all witnesses testifying against him, have the right to offer testimony in his own behalf by himself and his witnesses if he so desires, and to be represented by counsel if he so elects.

The order of expulsion entered by the school board in this case was, by reason of lack of proper hearing, ineffective and void, and under it Edward N. Geiger cannot lawfully be deprived of his right to attend the public schools of the Milford Independent School District.

The charges lodged with the said board against the said Edward N. Geiger are of such nature that, were they established by proper proof at a hearing as provided by law, they would fully justify this school board in entering a decree of expulsion; and, therefore, we enter the following

*Order*

And now, to wit, June 7, 1944, upon considering the foregoing petition, the answer thereto, and the demurrer filed on behalf of petitioners, it is ordered and decreed that a peremptory writ be awarded and that the prothonotary issue the same forthwith upon the School Board of the Milford Independent School District of Pike County, Pa., directing the said school board to promptly give to the said Edward N. Geiger a proper hearing upon the charges now lodged with the said school board against him, the said Edward N. Geiger, as provided by the law of this Commonwealth,

and to enter such order or decree as the facts presented at the hearing may justify.